UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAHUART SAHAGUN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>BRIAN E. WILLIAMS, et al.,<br><br>　　　　Respondents. | Case No. 2:14-cv-00539-JAD-GWF<br><br>**Order Granting in Part Motion to Dismiss and Directing Further Action from Petitioner by October 28, 2015**<br><br>[ECF 14] |

Petitioner Jahuart Sahagun brings this federal habeas petition to challenge his 2011 state court conviction for drug trafficking.[1] The respondents move to dismiss this petition, arguing that all of petitioner's claims are unexhausted or conclusory.[2] The court finds that petitioner has not exhausted his available state-court remedies on ground 2 and part of ground 1. Petitioner will have until October 28, 2015, to make a choice between three options: (1) dismiss these unexhausted claims and proceed on the remaining grounds, (2) dismiss this entire action and return to state court to complete the exhaustion process, or (3) seek to stay this case while he completes the exhaustion process in state court.

### Background

After a plea agreement, petitioner was convicted in Nevada's Eighth Judicial District Court of four counts of trafficking in a controlled substance.[3] Petitioner appealed, and the Nevada Supreme Court affirmed.[4]

---

[1] ECF 6.

[2] ECF 14. *See also* petitioner's opposition at ECF 22 and respondents' reply at ECF 31.

[3] ECF 17-14 (Resp. Ex. 64).

[4] ECF 18-9 (Resp. Ex. 84).

Petitioner then filed in state district court a post-conviction habeas corpus petition.[5] The state district court denied the petition.[6] Petitioner appealed, and the Nevada Supreme Court affirmed.[7] Petitioner then commenced this action.

## Discussion

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.[8] To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory and give that court the opportunity to address and resolve the ground.[9]

**A.     Ground 1**

In ground 1, petitioner asserts a claim of ineffective assistance of trial counsel. In the state district court, Frank Kocka represented petitioner first, and later Donald Green represented petitioner. Regarding Kocka, petitioner alleges in the current federal petition certain operative facts: (1) that an investigation would have shown that petitioner was not in possession of drugs on the scale charged by the prosecution, (2) that pre-trial motions Kocka refused to file would have proven that much of the evidence was false and insufficient for conviction, and (3) that the basis of those motions would have been that petitioner was not the supplier of drugs and that the prosecution could prove only that petitioner knew certain other people.[10] Petitioner did not allege these facts in his state habeas corpus petition and supporting memorandum.[11] These facts fundamentally alter the

---

[5] ECF 18-13 (Resp. Ex. 88).

[6] ECF 18-16 (Resp. Ex. 91).

[7] ECF 18-25 (Resp. Ex. 100).

[8] 28 U.S.C. § 2254(b).

[9] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[10] ECF 6.

[11] *See* ECF 18-13 (Resp. Ex. 88 at 2–3).

claim that petitioner presented to the state courts in his state habeas corpus petition because petitioner alleged no facts in support of his state petition.[12] These parts of ground 1 are unexhausted.

Regarding Green, petitioner claims in ground 1 that Green did not file a motion to dismiss based upon lack of evidence and a motion to suppress. Respondents argue correctly that petitioner claimed in his state habeas corpus petition that Green did not file a motion to dismiss certain counts for lack of evidence, but petitioner did not claim in his state habeas corpus petition that Green failed to file a motion to suppress.[13] This part of ground 1 also is unexhausted.

To the extent that ground 1 contains claims of petitioner being coerced into pleading guilty, it repeats claims in ground 2, and the court will address these allegations in its analysis of ground 2.

**B.      Ground 2**

In ground 2, petitioner claims that Green coerced him into pleading guilty. Petitioner presented a similar claim in his state habeas corpus petition.[14] However, petitioner did not present to the state courts the claim that counsel told him that he would receive a sentence of 8 to 20 years imprisonment. That allegation fundamentally alters the claim that petitioner presented to the state courts, and it makes ground 2 unexhausted.

**C.      Petitioner now must make a choice of how to proceed with this mixed petition**.

The court declines to dismiss the unexhausted claims on their merits.[15] Respondents argue that the claims are conclusory and belied by the record. If petitioner desires to return to state court, nothing would stop him from alleging the specific facts to support his claims. If he is able to avoid application of the state-law procedural bars against untimeliness and successive petitions, the he might receive a ruling on the merits of those claims.

---

[12] *See* ECF 18-25 (Resp. Ex. 100 at 2).

[13] *See* ECF 18-13 (Resp. Ex. 88 at 3–5).

[14] *See id*.

[15] *See* 28 U.S.C. § 2254(b)(2).

Respondents' argument that ground 3 is conclusory is better raised in an answer. Because the Nevada Supreme Court resolved this claim on its merits,[16] this court would then analyze the Nevada Supreme Court's decision under the deferential standard of review of 28 U.S.C. § 2254(d).

We describe this petition as "mixed" because it contains both claims exhausted in state court and claims not exhausted in state court. Because this petition is mixed, the entire petition is subject to dismissal.[17] **Petitioner now must choose one of three options**:

1. <u>Dismiss only the unexhausted claims</u>: He may voluntarily dismiss the unexhausted ground 2 and parts of ground 1 and proceed with the remaining grounds;
2. <u>Dismiss this whole petition</u>: He may voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 2 and parts of ground 1; **or**
3. <u>Move to stay this whole case</u>: He may move to stay this whole action while he returns to state court to exhaust ground 2 and parts of ground 1.

If petitioner chooses option 2, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses option 3, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics" as required by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If petitioner chooses option 3, he also will need to designate an alternative choice (1 or 2) in case the court denies his request to stay the action. Otherwise, the court will dismiss this action.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF 14] is GRANTED in part** with respect to ground 2 and parts of ground 1.

---

[16] ECF 18-25 (Resp. Ex. 100 at 3–4).

[17] *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT IS FURTHER ORDERED that **petitioner has until October 28, 2015, to do one of the following**:

1. Inform this court in a sworn declaration that he wishes to dismiss ground 2 and parts of ground 1 of his petition and proceed only on the remaining grounds for relief;
2. Inform this court in a sworn declaration that he wishes to dismiss his entire petition (and this case) to return to state court to exhaust his state remedies with respect to the claims set out in ground 2 and parts of ground 1 of his petition; **or**
3. File a motion to stay this case while he returns to state court to exhaust his state remedies with respect to the claims set out in ground 2 and parts of ground 1 of his petition. With that motion, petitioner must provide a declaration of an alternative choice (1 or 2) in the event the court denies his motion to stay.

If petitioner does not complete one of these options by October 28, 2015, this case will be dismissed.

IT IS FURTHER ORDERED that if petitioner chooses option 1, respondents will have 45 days after petitioner serves his declaration dismissing those grounds to file and serve an answer or other response to the remaining grounds. Any answer must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that, if respondents file and serve an answer, petitioner will have 45 days from the date on which the answer is served to file and serve his reply.

DATED September 28, 2015

JENNIFER A. DORSEY
United States District Judge