UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jahuart Sahagun,

    Petitioner

v.

Brian E. Williams, et al.,

    Respondents

2:14-cv-0539-JAD-GWF

**Order Denying Motion to Stay and Directing Answer**

[ECF No. 36]

    Petitioner Jahuart Sahagun brings this federal habeas petition to challenge his 2011 state-court conviction for drug trafficking.[1] Ground one and portions of ground two in Sahagun's petition are unexhausted, so I ordered Sahagun to notify the court whether he wished (1) to dismiss his unexhausted claims and proceed on the remaining grounds, (2) dismiss this entire action without prejudice and return to state court to complete the exhaustion process, or (3) move to stay this case while he completes the exhaustion process in state court.[2] Sahagun chose the third option. Because he has not met the standards for a stay, I deny his motion, dismiss his unexhausted grounds, and order respondents to answer his sole remaining ground.

**Discussion**

    To obtain a stay of this action while he returns to state court to exhaust his unexhausted claims, Sahagun must show good cause for his failure to first exhaust his claims in state court, that his unexhausted claims are potentially meritorious, and that he has not engaged in intentionally dilatory litigation tactics.[3]

    In his motion to stay, Sahagun represents that he wants the court to stay this action while he returns to state court. Alternatively, he requests that I dismiss his unexhausted claims and proceed

---

[1] ECF No. 6.

[2] ECF No. 35.

[3] *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

on his exhausted claims.  He does not explain why a stay is appropriate, but he attaches a form to his motion stating that this petition is intended as a protective petition.

Filing a protective petition is a valid tactic under limited circumstances.  For example, a stay of this action would be appropriate if Sahagun were reasonably confused about the timeliness of his state habeas petition, so he filed this action in case the state court later determined that his state petition was untimely and thus did not toll the federal-limitations period.[4]  But timeliness is not an issue in this action because Sahagun's timely filed state petition was dismissed *before* he filed this petition, and he has not filed any other actions for post-conviction relief in state court that would justify the filing of a protective petition.  Because Sahagun has not made the required showing for a stay and a protective petition is not warranted in these circumstances, his motion to stay is denied.

Sahagun's alternative choice is that I dismiss the unexhausted grounds so that he can proceed on the exhausted grounds.  In my previous order, I found that ground one is partially unexhausted and that ground two is unexhausted, and I noted that the portion of ground one not addressed by respondents' dismissal motion is actually duplicative of ground two.  I therefore dismiss ground one as unexhausted and duplicative and ground two as unexhausted.  Sahagun's sole remaining claim is ground three.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Sahagun's motion to stay [ECF No. 36] is DENIED, and grounds one and two of the petition [ECF No. 6] are DISMISSED**.

IT IS FURTHER ORDERED that **respondents must answer ground three of Sahagun's petition by November 3, 2016.**  Sahagun will have 45 days from service of respondents' answer to file a reply.

Dated this 19th day of September, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Pace v. DiGuglielmo*, 544 U.S. 408, 406–17 (2005).