**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jahuart Sahagun,<br><br>　　　Petitioner<br><br>v.<br><br>Brian E. Williams, et al.,<br><br>　　　Respondents | 2:14-cv-00539-JAD-GWF<br><br>**Order Denying Petition for Writ of Habeas Corpus**<br><br>[ECF No. 6] |

　　　Petitioner Jauart Sahagun pled to and was convicted of four counts of trafficking in a controlled substance;[1] the Nevada Supreme Court affirmed his conviction on appeal.[2] He filed in state district court a post-conviction habeas corpus petition.[3] The state district court denied the petition,[4] which the Nevada Supreme Court also affirmed on appeal.[5] He then filed this petition for a writ of habeas corpus[6]—which I have addressed and dismissed claims from before[7]—and I now dismiss his only remaining claim and deny the petition. And because reasonable jurists would not find my conclusions on any of the claims (those previously dismissed or the one I dismiss now) debatable or wrong I do not issue a certificate of appealability for any of them.

**Discussion**

　　　Congress has limited the circumstances in which a federal court can grant relief to an

---

[1] ECF No. 17-14.

[2] ECF No. 18-9.

[3] ECF No. 18-13.

[4] ECF No. 18-16.

[5] ECF No. 18-25.

[6] ECF No. 6.

[7] ECF No. 35.

inmate who was convicted in state court. Once the inmate's state-court habeas petition has been denied, the federal court will also deny it unless the state court's decision was: (1) "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[8]

"For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'"[9] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[10] "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."[11] "[A] habeas court must determine what arguments or theories supported . . . the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court case law]."[12] The inmate "must show that the state court's ruling [on the habeas petition] was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[13]

As his sole remaining claim, Sahagun contends that he was denied effective assistance of counsel because his attorney failed to present mitigating evidence at sentencing. "[T]he right to

---

[8] 28 U.S.C. § 2254(d).

[9] *Id.* (citation omitted).

[10] *Id.* (citation omitted).

[11] *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

[12] *Richter*, 562 U.S. at 102.

[13] *Id.* at 103.

counsel is the right to the effective assistance of counsel."[14] A petitioner claiming ineffective assistance of counsel must demonstrate: (1) that the defense attorney's representation "fell below an objective standard of reasonableness";[15] and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[16] "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."[17]

In *Strickland v. Washington*, the Supreme Court expressly declined to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution.[18] The Court would not define defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance," fearing that "[a]ny such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions."[19] So, review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight."[20] A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

---

[14] *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

[15] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[16] *Id.* at 694.

[17] *Id.* at 697.

[18] *Id.* at 688.

[19] *Id.* at 688–89.

[20] *Id.* at 689.

the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[21]

The Sixth Amendment does not guarantee effective counsel per se but rather a fair proceeding with a reliable outcome.[22] It is not enough to show that counsel fell below an objective standard of reasonableness. The petitioner must also show that the attorney's sub-par performance prejudiced the defense.[23] There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different.[24] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[25] And I must be highly deferential when reviewing a state court's *Strickland* analysis:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.[26]

Sahagun alleges that he had told counsel about numerous people who wanted to come to court and speak at his sentencing because they knew about his work helping people in the community and in his automobile-repair business. He raised nearly the same claim in his state post-conviction habeas corpus petition and supporting memorandum.[27] On appeal from the

---

[21] *Id.* (citation omitted).

[22] *See id.* at 691–92. *See also Jennings v. Woodford*, 290 F.3d 1006, 1012 (9th Cir. 2002).

[23] *Strickland*, 466 U.S. at 691–92.

[24] *Id.* at 694.

[25] *Id.*

[26] *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).

[27] ECF No. 18-13 at 18–19.

4

denial of the petition, the Nevada Supreme Court found this claim meritless:

> [A]ppellant claimed that [his trial counsel] was ineffective for failing to present mitigation evidence at sentencing. Appellant failed to demonstrate deficiency or prejudice. Appellant's claim that people wanted to speak on his behalf was a bare claim as he did not state what the people would have said or how it would have affected the outcome of the sentencing hearing. His claims that counsel made no positive representations was belied by the record as counsel noted his good family support and lack of a criminal history, and the presentence investigation report noted that he owned a business. Appellant did not state what other representations counsel should have made. We therefore conclude that the district court did not err in denying these claims.[28]

The Nevada Supreme Court's assessment was correct: Sahagun did not allege who would have spoken at sentencing, what they would have said, and how their words could have affected the outcome of the sentencing.[29] He thus failed to meet his burden of pleading an ineffective-assistance claim. The transcript of the sentencing supports the Nevada Supreme Court's other conclusions,[30] and the court reasonably applied *Strickland* in rejecting this claim.

Because reasonable jurists would not find my conclusion to be debatable or wrong, I will not issue a certificate of appealability.

## Conclusion

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is **DENIED**. The **Clerk of Court is directed to enter judgment accordingly and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: September 15, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[28] ECF No. 18-25 at 4–5.

[29] ECF No. 18-13 at 18–19.

[30] ECF No. 17-12 at 11.